UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P525-R

**BRYSON ANDREW**                                                                                    **PLAINTIFF**

**v.**

**EDWARD H. JOHNSTONE** *et al.*                                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Bryson Andrew, is a federal prisoner currently incarcerated at the Federal Medical Center in Lexington, Kentucky. He has filed a *pro se* civil complaint against two government officials, United States District Court Senior Judge Edward H. Johnstone and Assistant United States Attorney Monica Wheatley. This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the complaint for failure to state a claim.

### I. SUMMARY OF COMPLAINT

Plaintiff states his cause of action as follows:

Plaintiff states a common law civil action complaint cognizable in a case at common law against the federal official U.S. District Court Judge Edward H. Johnstone and District Attorney Monica V. Wheatley federal official file Dec. 15, 1998 Proceeding in the course of a criminal file case 3198CR21-1-J U.S. v. Bryson Andrew was without prohabtc [sic] cause by judge made law a decloratory [sic] decree was violated as file Dec. 15, 1998 violating the declaration of independence of 1776 pursuant to the first Congress sess-1-ch20-1789 sect 1 sect 9 and in congress July 4, 1776, the unanimous declaration of the thirteen United States of America and the Northwest Ordinance 1787 USCA Article II (Dec 15, 1998) Proceed in a criminal case Judge made law violated action of law or in equity that were merged into a single civil action.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled

allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

A review of the complaint reveals that Plaintiff is attempting to bring this action under the Declaration of Independence and the Northwest Ordinance. However, neither provide Plaintiff with a cognizable basis for his suit.

There is no private right of action to enforce the Declaration of Independence. *See Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system." (citation omitted)).

Likewise, the Northwest Ordinance does not provide Plaintiff with a basis for seeking relief in this Court:

> First, Plaintiff's attempt to invoke the federal question jurisdiction of this Court through the Northwest Ordinance of 1787 is not well-founded The United States Supreme Court has held that the Northwest Ordinance of 1787 has been superseded by the constitutions of those States, including Michigan, which were originally part of the Northwest Territory. *See, e.g., Sands v. Manistee River Improvement Company*, 123 U.S. 288, 295-96, 8 S. Ct. 113, 116, 31 L. Ed. 149 (1887). At oral argument, however, Plaintiff contended that the Northwest Ordinance of 1787 still creates federal question jurisdiction here because of the decision in *Swimming Turtle v. The Board of County Commissioners of Miami County*, 441 F. Supp. 374 (N.D.Ind. 1977).

> In *Swimming Turtle*, the District Court found that the plaintiff was exempt from the taxes of the State of Indiana because he was an Indian within the meaning of the Northwest Ordinance of 1787. 441 F. Supp. at 376-77. Implicitly, therefore, the District Court held that the Northwest Ordinance of 1787 was still in effect with respect to the Indian tribes in the former Northwest Territory. *Id.* This holding, however, has no effect on these proceedings because the United States Supreme Court has held that the Northwest Ordinance has been superseded by the Michigan Constitution and there is no evidence in the record to suggest that Plaintiff is an Indian within the meaning of the Northwest Ordinance of 1787, in fact at oral argument he admitted that he is not an Indian.
>
> Accordingly, the Court finds that the Northwest Ordinance of 1787 provides Plaintiff no basis for invoking the jurisdiction of this Court or making any claims before this Court or any other. Therefore, the Court must dismiss Plaintiff's claims under the Northwest Ordinance of 1787 for lack of subject matter jurisdiction and for failure to state a claim.

*Brown v. Mueller*, Nos. 96-CV-74135-DT, 96-CV-75750-DT, 97-CV-71695-DT, 1997 U.S. Dist. LEXIS 12102, 20-21 (E.D. Mich. June 24, 1997).

Furthermore, to the extent that Plaintiff is seeking monetary relief against these federal officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), both Defendants are immune from suit as their actions in his criminal action were clearly within the scope of their respective duties as judge and prosecutor. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Burns v. Reed*, 500 U.S. 478, 486 (1991).

Finally, to the extent Plaintiff is seeking equitable relief in the form of a reduction or modification of his sentence, he must file a motion pursuant to 28 U.S.C. § 2255.[1] *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (explaining that a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court). The Court lacks the

---

[1] The Court notes that it is not entirely clear what relief Plaintiff is seeking in this action.

4

authority to modify Plaintiff's sentence as part of the relief of a "common law civil action" against a judge and prosecutor.

Accordingly, for these reasons, the Court will enter a separate Order dismissing this action for failure to state a claim.

Date:

cc:     Plaintiff, *pro se*
4413.008